967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Loren Daniel PILLION, Defendant-Appellant.
 No. 91-10272.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1992.*
Decided June 26, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Loren Pillion appeals his conviction following a jury trial for conspiracy, possession of unregistered firearms, and unlawful transfer of firearms, in violation of 18 U.S.C. § 371 and 26 U.S.C. §§ 5861(d) and (e).[1] Pillion was tried with his two co-defendants for conspiracy to possess, manufacture, transfer, and sell hand grenades and for the underlying substantive offense.
 
 
 3
 Pillion contends that the district court erred by denying his severance motion. He also contends that the district court's preliminary ruling admitting evidence of prior criminal conduct was an abuse of discretion. We review Pillion's contentions on both issues and affirm his conviction.[2]
 
 I. Motion to Sever
 
 4
 Pillion makes three challenges to the district court's decision denying his motion to sever. He contends that: (1) he was unduly prejudiced by tape-recorded conversations between his co-defendants and undercover police officers; (2) he was denied a fair trial because he was unable to cross-examine his co-defendants; and (3) he has defenses which are antagonistic to his co-defendants.
 
 
 5
 We review a district court's decision to deny a motion to sever for abuse of discretion. United States v. Joetzski, 952 F.2d 1090, 1094 (9th Cir.1991). A defendant's burden in challenging a district court's denial of a motion to sever is very heavy, as it must be shown that clear, manifest, or undue prejudice resulted from a joint trial. United States v. Polizzi, 801 F.2d 1543, 1554 (9th Cir.1986). Joinder with other defendants must have been "manifestly so prejudicial that it outweighed the dominant concern with judicial economy." United States v. Douglass, 780 F.2d 1472, 1478 (9th Cir.1986). Here, defendant has failed to carry his substantial burden.
 
 
 6
 First, Pillion asserts that he was unduly prejudiced by tape-recorded conversations between the police and Pillion's co-defendants. The tapes were admitted into evidence and showed that Pillion's co-defendants had negotiated with undercover detectives to sell hand grenades. The tapes would have been admissible against Pillion in a separate trial as co-conspirator's statements in furtherance of the conspiracy under Federal Rule of Evidence 801(d)(2)(E). See United States v. Peralta, 941 F.2d 1003, 1005-07 (9th Cir.) (tape recordings of statements made during the course and in furtherance of the conspiracy are admissible, even where declarant is subsequently acquitted), amended, 1991 U.S.App. LEXIS 25516 (1991), and cert. denied, 112 S.Ct. 1484 (1992). Accordingly, we do not find that the tapes prejudiced Pillion as a consequence of the joint trial.
 
 
 7
 Second, Pillion relies on Bruton v. United States, 391 U.S. 123 (1968), to argue that his joint trial was prejudicial because he was unable to cross-examine his co-defendants. However, Bruton is inapplicable here. In Bruton, there was a substantial risk that Bruton was convicted of armed postal robbery based on the confession of his co-defendant. The Supreme Court reversed because Bruton was denied his Sixth Amendment right of confrontation because the co-defendant did not take the stand and his confession was therefore not subject to cross-examination.
 
 
 8
 In the present case, there is no post-arrest confession of any co-defendant inculpating Pillion. Rather, the evidence presented by the tapes provides "evidentiary linkage." By itself, the evidence does not tend to incriminate Pillion since his voice is never heard on the tapes. Rather, the tapes tend to link Pillion to the crime when considered together with other evidence admitted at the trial. Such evidence does not establish grounds for reversing a district court's denial of a motion to sever. See Richardson v. Marsh, 481 U.S. 200 (1987) (Confrontation Clause is not violated by the admission of linkage evidence).
 
 
 9
 Finally, Pillion contends that the joint trial prejudiced him because he had defenses that were antagonistic to his co-defendants. United States v. Sherlock, 865 F.2d 1069, 1081 (9th Cir.1989) (citing United States v. Romanello, 726 F.2d 173, 177 (5th Cir.1984)) (defenses must be mutually exclusive so that the jury's belief of one defense necessitates disbelief of another). Here, there is nothing in the record indicating what possible antagonistic defenses Pillion may offer or why they are mutually exclusive.
 
 
 10
 We find no error based on any of the three arguments made by Pillion to challenge the district court's decision denying the motion to sever. The district court did not abuse its discretion.
 
 II. Admissibility of Evidence
 A.
 
 11
 Pillion contends that the district court erred when it made a preliminary ruling that evidence of his prior sale of hand grenades was admissible under Fed.R.Evid. 404(b).[3] We review the district court's decisions on admissibility of evidence for abuse of discretion. United States v. Feldman, 788 F.2d 544, 557 (9th Cir.1986).
 
 
 12
 We analyze admissibility of evidence of prior criminal conduct according to a four-part test. In general, such evidence is admissible if: (1) there is sufficient proof of the prior bad act; (2) the crimes or acts are not too remote; (3) the prior conduct is similar to the acts defendant is charged with; and (4) the evidence proves an essential element of the offense. United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990).
 
 
 13
 Pillion's January 1989 sale of hand grenades satisfies these criteria. The first criterion of sufficient proof is met because the government had an eye-witness who would testify that he saw Pillion sell hand grenades to Charlie Ceresa. The second criterion of temporal proximity is also met because the sale occurred only a month before the transaction for which Pillion was charged in this case. The third requirement is satisfied because the prior sale of hand grenades is similar to the charges of illegal possession, manufacture, and transfer of hand grenades contained in the indictment. The final requirement is also satisfied because the evidence tends to show the identity of the supplier of the hand grenades. It also tends to rebut any claim of lack of knowledge or absence of intent.
 
 
 14
 We find no abuse of discretion in the district court's preliminary ruling that the evidence of the 1989 sale of hand grenades might have been admissible under 404(b) or for impeachment.
 
 B.
 
 15
 Pillion makes three challenges to the district court's preliminary ruling to admit evidence of his 1984 arrest for possession of hand grenades. The district court ruled that this evidence was admissible only for impeachment, and only against Pillion.
 
 
 16
 First, Pillion claims that the prejudicial effect of the evidence of his 1984 arrest substantially outweighed its probative value in violation of Federal Rule of Evidence 403.[4] While evidence which is overly prejudicial may be excluded, the evidence of Pillion's 1984 arrest is admissible under 404(a)(1)[5] for impeachment. The district court here correctly ruled that evidence from the 1984 arrest for possession of hand grenades could be used for impeachment purposes.
 
 
 17
 Second, Pillion claims that his 1984 arrest is both irrelevant and too remote in time to be admissible under 404(b). We need not reach this issue because the district court made no preliminary determination of the admissibility of Pillion's 1984 arrest under 404(b).
 
 
 18
 Third, Pillion argues that evidence of his 1984 arrest is inadmissible because the arrest resulted from an illegal search. In 1984, Pillion and a companion were arrested when police officers found two hand grenades in a suitcase in Pillion's car. The search was deemed to be a violation of the Fourth Amendment and Pillion's motion to suppress was granted and the case was dismissed.
 
 
 19
 Information gained in violation of the Fourth Amendment may not be admitted as direct evidence. Elkins v. United States, 364 U.S. 206, 223 (1960); United States v. Ant, 882 F.2d 1389, 1393 (9th Cir.1989). Such evidence, however, is admissible for impeachment. United States v. Havens, 446 U.S. 620, 627-28 (1980) ("[A] defendant's statements ... are subject to ... impeachment by the government, albeit by evidence that has been illegally obtained....").
 
 
 20
 The district court is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 371 provides in relevant part:
 If two or more persons conspire ... to commit any offense against the United States ... or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 26 U.S.C. §§ 5861(d) and (e) provide that it shall be unlawful for any person: "(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record[ ]" and "(e) to transfer a firearm in violation of the provisions of this chapter."
 
 
 [2]
 Because we find nor error on these grounds, we need not reach the government's contention that Pillion waived these claims of error by failing to testify
 
 
 [3]
 Federal Rule of Evidence 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 
 
 [4]
 Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...."
 
 
 [5]
 Rule 404(a)(1) states: "Evidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except [e]vidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same."